# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6082 | **DATE** | 10/21/2011 |
| **CASE TITLE** | Eisenberg vs. MDS Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for summary judgment is granted. Accordingly, judgment is entered in favor of defendant and against plaintiff. Status hearing set for 10/28/11 is now vacated.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

  As stated in my order of October 13, 2011, my review of the record in evaluating defendant's motion for summary judgment prompted me to question whether the amount in controversy was sufficient to support diversity jurisdiction at the time plaintiff's complaint was filed. Pursuant to that order, plaintiff filed a response to substantiate his jurisdictional allegations. Upon consideration of his arguments, I conclude that while the question is close, I cannot say "to a legal certainty that the claim is really for less than the jurisdictional amount." *Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). At the time the complaint was filed, plaintiff lacked access to information that would have allowed him to ascertain whether defendant's suspension of his royalty payments was warranted, or the amount of any deficiency in his payments. Moreover, it was not clear at that time when, if ever, defendant would resume payments, or whether future payments would be calculated accurately. In light of defendant's history of miscalculations (which are not alleged in the complaint, but which are revealed in the record and emphasized in plaintiff's recent filing), and the fact that defendant did not challenge plaintiff's jurisdictional allegations, I accept plaintiff's good faith allegation that the amount in controversy exceeds $75,000. *See First Union Rail Corp. v. Heller Performance Polymers, Inc.*, No. 03 C 7063, 2004 WL 1921028 (N.D. Ill. July 9, 2004)(Coar, J.) (Where plaintiff's assertion of amount in controversy is uncontested, court accepts plaintiff's good faith allegations unless "legal certainty" test is met.).

  I now turn to, and grant, defendant's motion for summary judgment. I agree with defendant that it has identified evidence to support its argument that it has paid plaintiff all royalties to which he is entitled pursuant to the parties' contracts, and that plaintiff has not demonstrated the existence of a genuine factual dispute on this issue. Plaintiff's pervasive failure to adhere to L.R. 56.1 cannot be excused as a "technicality." In addition to his general failure to substantiate, with appropriate record evidence, his denials of defendant's asserted facts, his failure to submit his own statement of facts to establish a triable dispute (which would also require citation to the record), leaves him without any evidentiary basis for refuting defendant's position.

  Defendant relies, in large measure, on the report of outside auditors it hired to review its payments to

**STATEMENT**

plaintiff for the 2007-2008 period, which concluded that plaintiff was paid all royalties to which he was entitled for the period in question (including a slight overpayment, as discussed below). Plaintiff's various arguments attacking the auditor's report all fail to establish a material factual dispute. First, I will not consider the affidavit of Roland Breslin, which purports to challenge the reliability of the auditors' report. The affidavit clearly offers a putative expert opinion, but plaintiff does not dispute that Mr. Breslin was never disclosed as an expert pursuant to Fed. R. Civ. P. 26(b). Contrary to plaintiff's argument, this failure cannot be dismissed as merely a technical shortcoming. Defendant is entitled to notice of any expert on which plaintiff seeks to rely, and of the opinions he or she intends to offer, so that it may prepare an appropriate defense, including raising any *Daubert* or other challenges it deems appropriate. Moreover, the Breslin affidavit neither supports any statement of fact asserted by plaintiff (since plaintiff submitted none), nor controverts any of defendant's statements.

Second, while I understand plaintiff's argument that the auditor's report, which defendants contend reflects a $700-and-some overpayment during the period at issue, is at apparent odds with defendant's April 2008 statement that it overpaid plaintiff by nearly $14,000 (and intended to suspend future payments until it recouped that amount), this argument also fails to demonstrate a material factual dispute. While it is undisputed that defendant made no payment to plaintiff in the second quarter of 2008, plaintiff points to no evidence to suggest that he was *entitled* to royalties in that quarter, despite his acknowledgment that defendant produced "thousands upon thousands upon thousands" of purchase orders, in addition to summary sales data, reflecting all sales of products that generate royalties to plaintiff. Thus, regardless of any inconsistency in the amount defendant asserts was *overpaid* to plaintiff as of the first quarter of 2008, plaintiff has not identified sufficient evidence from which to conclude that defendant's nonpayment of royalties in the second quarter of 2008 resulted in an *underpayment* of any amount to which he was entitled. Moreover, having failed, during discovery, to investigate the apparent discrepancy in defendant's evidence--plaintiff apparently elected not to take any depositions in this case, including of Darcy Murray, an employee in defendant's finance department who was involved in calculating plaintiff's payments, and who informed plaintiff of the claimed $14,000 overpayment, or of the individuals involved in the outside audit--he is left without any competent evidence to challenge defendant's statement that the audit report and defendant's internal records support the conclusion that defendant paid plaintiff all amounts to which he is entitled.

Finally, plaintiff's speculation that defendant has withheld discovery that would reveal the existence of a material factual dispute is insufficient to withstand summary judgment. Among other reasons, Magistrate Judge Cox supervised discovery in this case, considered plaintiff's arguments seeking to compel the additional documents plaintiff now claims he needs to controvert defendant's evidence, and determined, based on defendant's counsel's representation (which plaintiff has presented no evidence to challenge) that all materials considered by the outside auditors had been produced, that defendant had met its discovery obligations and that discovery was closed.